CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE 3, | |
| Plaintiff, | |
| v. | Civil Action No.<br>1:21-cv-04278-WMR |
| RED ROOF INNS, INC., et al., | |
| Defendants. | |

**PL Sum. J. Ex. 081**

### PLAINTIFF JANE DOE 3'S AMENDED AND SUPPLEMENTAL OBJECTIONS AND RESPONSES TO DEFENDANT RED ROOF INNS, INC.'S FIRST INTERROGATORIES

Plaintiff Jane Doe 3 ("Plaintiff" or "Jane Doe 3") hereby provides amended objections and responses to Defendant Red Roof Inns, Inc.'s ("Defendant" or "RRI") First Interrogatories (the "Interrogatories"). Jane Doe 3 reserves the right to amend and supplement these Interrogatory responses as discovery progresses. Jane Doe 3 incorporates her original objections to these Interrogatories, served on March 23, 2020, as if fully stated herein, including each objection to the Definitions and Instructions and to the individually numbered Interrogatories below. To the extent these responses contain the identity of Jane Doe 3 and one or more "Victims of Sex Trafficking," as that term is defined in this Court's Protective Order, Jane Doe provides such identifying information only subject to

#3353193v1

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

**INTERROGATORY NO. 6:**

Please provide a timeline of your Trafficking Occurrences at RRI Smyrna and RRI Atlanta, from 2010-2012, with specific reference to the day, month, year.  For each occurrence identified, please include: the location of each Trafficking Occurrence; the identity of the organization trafficking you; the name and role of every individual trafficker that assisted or facilitated trafficking you; the names and roles of every hotel personnel, agent, or otherwise that in any way assisted or facilitated each Trafficking Occurrence; the means employed to prevent you from leaving; which, if any, of the other Jane Does filing lawsuits in the United States District Court for the Northern District of Georgia that were also trafficked at the same location for each Trafficking Occurrence; and the names of other victims or witnesses with knowledge for each Trafficking Occurrence.

**ORIGINAL RESPONSE:** Jane Doe 3 objects to this Interrogatory because the total number of identifiable subparts, along with other Interrogatories, exceeds the total permitted by the Federal Rules of Civil Procedure.  Jane Doe 3 further objects to this Interrogatory to the extent it calls for information that is protected by the attorney-client privilege, work product doctrine, or any other privilege.  Jane Doe 3 will not reveal such information.

Subject to these objections, the foregoing general objections and objections to definitions and instructions, Jane Doe 3 provides the following description of her trafficking at the RRI Smyrna and RRI Atlanta.  Jane Doe 3 reserves the right to amend or supplement this description as discovery progresses.

Jane Doe 3 was trafficked by ███████████████, III (a/k/a Bagz).  She first met Bagz at his house and he took her to a Hampton Inn either on North Druid

23

#3353193v1

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Hills or Piedmont.  Bagz forced her into sex trafficking almost immediately, sending her to an "out call" in which she went to a buyer's house at Bagz' direction.  Bagz ordered her to take the money from the buyer before having sex with the buyer and then, when she was finished, to come outside to meet Bagz and give him the money.  At this time Bagz had other girls he had forced into sex trafficking including ▮▮▮▮▮ and ▮▮▮▮▮.  Bagz also forced other girls into sex trafficking, including ▮▮▮▮.  ▮▮▮▮ and ▮▮▮▮ both have a child with Bagz.

Bagz was part of a sex trafficking organization called PIVIP, which stood for Pimps in Very Important Places.  Other traffickers who were affiliated with PIVIP included ▮▮▮▮▮ (a/k/a Nitty), Quan, Kukk, Blessed, Tricky, Fresh, Panama, Jayson Johnson (a/k/a CB) and Frank.  The PIVIP group would meet at a condominium in the Sandy Springs complex known as Winding River and they rented a studio space off of Northridge Road.  She believes that PIVIP collected money from their sex trafficking victims and distributed the money among its members.

Jane Doe 3 was trafficked at the RRI Smyrna by Bagz about two to five times between about 2010 and 2012.  She recalls that Jane Doe 1 and Jane Doe 4 were also trafficked at the RRI Smyrna hotel on some of the same occasions.  Jane

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

Doe 1 may have been trafficked here by Jayson Johnson (a/k/a CB) or Bagz, and Jane Doe 4 may have been trafficked here by Diablo. Other traffickers that sent their victims to the RRI Smyrna hotel include Tricky, Fresh, and Quan. Many of these traffickers preferred to have their victims work out of the RRI Smyrna because their sex trafficking victims were drug addicts and, unlike some other hotels, the RRI Smyrna would not notify the police based on their suspicious activity. Jane Doe 3 remembers Jane Doe 1 talking to a front desk employee named Forrest Castille and later telling her that Mr. Castille was helping the traffickers with the room in some way.

Jane Doe 3 was trafficked out of the RRI Atlanta once between about 2010 and 2012. She was trafficked here by Bagz, who drove her to this hotel and she then stayed for a few hours. Quan also trafficked out of this hotel at that time. Quan may have had his own room at the hotel. She recalls a male and female front desk employee that worked at the RRI Atlanta who may have been of Indian descent in their 30s or 40s. And she believes that during the period of time when she was trafficked at this hotel, the hotel may have been renovating rooms.

Multiple other employees participated in, assisted and facilitated the sex trafficking that occurred at these two hotels. But at this time, Jane Doe 3 does not

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

recall the names of each of these employees, and in fact may have never known such employees' names.

While Jane Doe 3 was trafficked at these hotels, she would have exhibited numerous well-known and visible signs of a sex trafficking victim, including physical deterioration, malnourishment, poor hygiene, fatigue, sleep deprivation, injuries, a failure to make eye contact with others, lack of control and possession of money, physical evidence of beatings by her trafficker, and monitoring by her traffickers. While trafficked at the hotel, the rooms Jane Doe 3 occupied evidenced numerous well-known and visible signs of sex trafficking. Frequently, the trash cans in the rooms would contain an extraordinary number of used condoms. The rooms also contained multiple cell phones. While Jane Doe 3 was trafficked at these hotels, the foot traffic of men to the room was obviously indicative of sex trafficking. Often more than 10 men a day visited Plaintiff's room, each for short periods.

**AMENDED AND SUPPLEMENTAL RESPONSE**: Jane Doe 3 incorporates by reference her previous objections to this Interrogatory as if fully stated herein and, subject to those objections, provides the following amended and supplemental

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

description of her trafficking at the RRI Smyrna and RRI Atlanta, with edits redlined:

Jane Doe 3 was trafficked by ███████████, III (a/k/a Bagz).  She first met Bagz at his house and he took her to a Hampton Inn either on North Druid Hills or Piedmont.  ███████ <u>recruited Jane Doe 3 to engage in commercial sex for Bagz because, as Jane Doe 3 understands it, Ms. ███ wanted to have an intimate relationship with Bagz but could not unless she found him a victim.</u>  Bagz forced her into sex trafficking almost immediately, sending her to an "out call" in which she went to a buyer's house at Bagz'<u>s</u> direction.  Bagz ordered her to take the money from the buyer before having sex with the buyer and then, when she was finished, to come outside to meet Bagz and give him the money.  At this time Bagz had other girls he had forced into sex trafficking including ███████ and ███████.  Bagz also forced other girls into sex trafficking, including ███████, ███████████████████████.  ███████, ~~and~~ ███████, and ███████ <u>all</u> ~~both~~ have <u>a child</u><u>children</u> with Bagz.

Bagz was part of a sex trafficking organization called PIVIP, which stood for Pimps in Very Important Places.  Other traffickers who were affiliated with PIVIP included ███████ (a/k/a Nitty), Quan, Kukk, Blessed, Tricky, Fresh, Panama, Jayson Johnson (a/k/a CB) and Frank.  The PIVIP group would

27

meet at a condominium in the Sandy Springs complex known as Winding River and they rented a studio space off of Northridge Road. She believes that PIVIP collected money from their sex trafficking victims and distributed the money among its members.

Jane Doe 3 was trafficked at the RRI Smyrna by Bagz about two to five times between about 2010 and 2012. She recalls that Jane Doe 1 and Jane Doe 4 were also trafficked at the RRI Smyrna hotel on some of the same occasions. Jane Doe 1 may have been trafficked here by Jayson Johnson (a/k/a CB) or Bagz, and Jane Doe 4 may have been trafficked here by Diablo. Other traffickers that sent their victims to the RRI Smyrna hotel include Tricky, Fresh, and Quan. Many of these traffickers preferred to have their victims work out of the RRI Smyrna because their sex trafficking victims were drug addicts and, unlike some other hotels, the RRI Smyrna would not notify the police based on their suspicious activity. Jane Doe 3 remembers Jane Doe 1 talking to a front desk employee named Forrest Castille and later telling her that Mr. Castille was helping the traffickers with the room in some way.

Jane Doe 3 was trafficked out of the RRI Atlanta once between about 2010 and 2012. She was trafficked here by Bagz, who drove her to this hotel and she then stayed for a few hours. Quan also trafficked out of this hotel at that time.

Quan may have had his own room at the hotel. She recalls a male and female front desk employee that worked at the RRI Atlanta who may have been of Indian descent in their 30s or 40s. And she believes that during the period of time when she was trafficked at this hotel, the hotel may have been renovating rooms.

Multiple other employees participated in, assisted and facilitated the sex trafficking that occurred at these two hotels. But at this time, Jane Doe 3 does not recall the names of each of these employees, and in fact may have never known such employees' names.

While Jane Doe 3 was trafficked at ~~the~~ these hotels, she would have exhibited numerous well-known and visible signs of a sex trafficking victim, including physical deterioration, ~~malnourishment, poor hygiene,~~ fatigue, sleep deprivation, injuries, a failure to make eye contact with others, lack of control and possession of money, physical evidence of beatings by her trafficker, and monitoring by her traffickers. She also dressed provocatively.

While trafficked at the hotel, the rooms Jane Doe 3 occupied evidenced numerous well-known and visible signs of sex trafficking. Frequently, the trash cans in the rooms would contain an extraordinary number of used condoms. The rooms also contained multiple cell phones, and Jane Doe 3 could be seen using multiple cell phones. While Jane Doe 3 was trafficked at these hotels, the foot

traffic of men to the room was obviously indicative of sex trafficking. Often more than 10 men a day visited Plaintiff's room, each for short periods.

**INTERROGATORY NO. 7:**

Please identify and describe in reasonable detail every injury, illness, condition, inability to function, diagnosis received (from any individual or facility identified below in Interrogatory No. 8) or anything else that you contend was directly and/or proximately caused by the events alleged in your Amended Complaint, the duration each existed, and to what extent you have recovered from each.

**ORIGINAL RESPONSE:** Jane Doe 3 objects to this Interrogatory as vague and confusing because it asks for detail of every "inability to function." Jane Doe 3 further objects to this Interrogatory to the extent it is premature because it calls for information subject to disclosure under Federal Rule of Civil Procedure 26(a)(2). Plaintiff will disclose such documents and information at the appropriate time and to the extent required under the Federal Rules, this Court's Local Rules, and any scheduling orders of this Court.

Subject to these objections and the foregoing general objections and objections to definitions and instructions, Jane Doe 3 states that she suffered numerous physical, emotional, psychological, and mental harms due to the trafficking that occurred as alleged in the Amended Complaint, including the trafficking at the RRI Atlanta and RRI Smyrna. Jane Doe 3 was beaten numerous times by her traffickers but generally prohibited from seeking medical attention.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JANE DOE 3, <br><br> Plaintiff, <br><br> v. <br><br> RED ROOF INNS, INC., et al., <br><br> Defendants. | Civil Action No. <br> 1:21-cv-04278 |

## VERIFICATION

The answers set forth in **PLAINTIFF JANE DOE 3'S AMENDED OBJECTIONS AND RESPONSES TO DEFENDANT RED ROOF INNS, INC.'S FIRST INTERROGATORIES** are true and correct to the best of my knowledge, information and belief based on the information currently available to me. I reserve the right to make changes to these Interrogatories if it appears that an error or omission has been made therein or if more information becomes available.

#3353313v1

**CONFIDENTIAL – SUBJECT TO PROTECITVE ORDER**

I hereby verify, pursuant to 28 U.S.C. § 1746 and subject to penalty of perjury that the factual information contained in the foregoing responses to interrogatories is true and correct to the best of my knowledge, information and belief.

This __4/5/2023__ day of April 2022.



JANE DOE 3

2

#3353313v1