IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE 2-4 and CAROLYN LEVY GILLIAM as the ADMINISTRATOR OF THE ESTATE OF JANE DOE 1,<br><br>Plaintiffs,<br><br>v.<br><br>RED ROOF INNS, INC.;<br>FMW RRI NC, LLC;<br>RED ROOF FRANCHISING, LLC;<br>RRI WEST MANAGEMENT, LLC;<br>VAHARI HOTEL, LLC;<br>WESTMONT HOSPITALITY GROUP, INC.; and<br>RRI III, LLC,<br><br>Defendants. | Civil Action No.<br>1:21-cv-4278-WMR |

**MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL NOTICE OF INTENT TO SEEK APPORTIONMENT OF FAULT AGAINST NON-PARTIES**

COME NOW Plaintiffs Jane Doe 1-4 ("Plaintiffs") and submit their Motion to Strike Defendants' Supplemental Notice of Intent to Seek Apportionment of Fault Against Non-Parties, respectfully showing this Court the following:

**INTRODUCTION**

On September 11, 2023, Defendants filed a Supplemental Notice of Intent to Seek Apportionment of Fault against Non-Parties. This case is calendared for trial

#3584611v1

on November 27, 2023. Georgia's apportionment statute mandates that such notices be filed no later than 120 days before trial. The deadline to file apportionment notices therefore fell on July 30, 2023. Defendants are well aware of this rule as they filed notices to apportion fault over a year ago, on August 26, 2022. As such, Plaintiffs move this Court to strike Defendants' untimely Supplemental Notice to Seek Apportionment of Fault.

## ARGUMENT AND CITATION OF AUTHORITY

**I.  Defendants' Supplemental Notice of Intent to Seek Apportionment of Fault Against Non-Parties should be struck as it was not filed within the statutory period mandated by O.C.G.A. § 51-12-33(d)(1).**

The statutory language governing apportionment of fault of non-parties is clear and unambiguous. It states, "[n]egligence or fault of a nonparty shall be considered if the plaintiff entered into a settlement agreement with the nonparty or if a defending party gives notice *not later than 120 days prior to the date of trial* that a nonparty was wholly or partially at fault." O.C.G.A. § 51-12-33(d)(1) (emphasis added).

Georgia courts have repeatedly held that "'the plain and unambiguous meaning of O.C.G.A. § 51-12-33(d)(1)'s text mandates *strict* compliance. . . .' Accordingly, failure to give proper timely notice precludes apportionment between a nonparty and a party." *Trabue v. Atlanta Women's Specialists, LLC* 349 Ga. App.

2

223, 230 (2019) (quoting *Monitronics, Intl., Inc. v. Veasley*, 323 Ga. App. 126, 137 (2013) (emphasis in the original)). *See also Atlanta Women's Specialists, LLC v. Trabue*, 310 Ga. 331, 340 (2020) (holding that defendant was not entitled to have jury apportion damages between him and his employer due to his failure to comply with O.C.G.A. § 51-12-33-(d)(1)'s timing requirement); *Ingles Mkts., Inc. v. Kempler*, 317 Ga. App. 190, 192–93 (2012) (finding that the trial court did not err in limiting the jury's obligation to consider the fault of unnamed parties due to the Appellant's failure to comply with O.C.G.A. § 51-12-33-(d)(1)); *Freese II, Inc. v. Mitchell*, 318 Ga. App. 662, 666–67 (2012) (finding that the trial court did not error in excluding the issue of apportionment from the jury's consideration due to Appellant's failure to comply with the notice requirements of O.C.G.A. § 51-12-33-(d)(1)).

Furthermore, as noted above, the court in *Veasley* made it clear that O.C.G.A. § 51-12-33-(d)(1) demands strict compliance:

> [W]e are not at all persuaded by Monitronics's argument that its notices of apportionment should not have been struck because it substantially complied with the statute. The statutory deadline is what it is, and the plain and unambiguous meaning of O.C.G.A. § 51–12–33(d)(1)'s text mandates *strict* compliance—*i.e.,* "negligence or fault of a nonparty shall be considered . . . if a defending party gives notice not later than 120 days prior to the date of trial that a nonparty was wholly or partially at fault." As such, a defending party either complies with the 120–day notice requirement or it does not. And here, there is no question that Monitronics failed to comply with this statutory requirement.

*Veasley*, 323 Ga. App. at 137 (emphasis in original) (citations omitted).

This case is calendared for trial on November 27, 2023. Defendants filed their Supplemental Notice of Intent to Seek Apportionment of Fault Against Non-Parties on September 11, 2023. This is well after the 120 deadline which fell on July 30, 2023. The fact that this is a "supplemental" notice to Defendants' timely filed Notice of Intent to Seek Apportionment is of no legal bearing – the apportionment statute makes no provision or exception for supplementations. The statutory language is clear that non-party apportionment will only be considered if it is timely filed – which Defendants failed to do.

## **CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court strike Defendants' Supplemental Notice of Intent to Seek Apportionment of Fault Against Non-Parties.

This 3rd day of November, 2023.

Jonathan S. Tonge
jtonge@atclawfirm.com
Georgia Bar No. 303999
Patrick J. McDonough
Georgia Bar No. 489855
pmcdonough@atclawfirm.com

*/s/ Tiana S. Mykkeltvedt*
John E. Floyd
Georgia Bar No. 266413
floyd@bmelaw.com
Tiana S. Mykkeltvedt
Georgia Bar No. 533512
mykkeltvedt@bmelaw.com
Manoj S. Varghese
Georgia Bar No. 734668

ANDERSEN, TATE & CARR, P.C.
One Sugarloaf Centre
1960 Satellite Boulevard, Suite 4000
Duluth, Georgia 30097
(770) 822-0900 – Telephone
(770) 822-9680 – Facsimile

varghese@bmelaw.com
Amanda Kay Seals
Georgia Bar No. 502720
seals@bmelaw.com
Michael R. Baumrind
Georgia Bar No. 960296
baumrind@bmelaw.com
Juliana Mesa
Georgia Bar No. 585087
mesa@bmelaw.com

BONDURANT, MIXSON & ELMORE, LLP
1201 West Peachtree Street, N.W., Suite 3900
Atlanta, Georgia 30309
(404) 881-4100 – Telephone
(404) 881-4111 – Facsimile

***Attorneys for Plaintiffs***

## LOCAL RULE 7.1(D) CERTIFICATION

The undersigned counsel certifies that this document has been prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1(C) and does not exceed the page limit imposed by Local Rule 7.1(D).

*/s/ Tiana S. Mykkeltvedt*

## CERTIFICATE OF SERVICE

I hereby certify that I have this day electronically filed the within and foregoing **MOTION TO STRIKE DEFENDANTS' SUPPLEMENTAL NOTICE OF INTENT TO SEEK APPORTIONMENT OF FAULT AGAINST NON-PARTIES** with the Clerk of Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

This 3rd day of November, 2023.

/s/ *Tiana S. Mykkeltvedt*

#3584611v1