IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JANE DOE 2-4 and CAROLYN LEVY GILLIAM as the ADMINISTRATOR OF THE ESTATE OF JANE DOE 1,<br><br>           Plaintiffs,<br>v.<br><br>RED ROOF INNS, INC., et al.<br><br>           Defendants. | Civil Action No.<br>1:21-cv-4278-WMR |

## ORDER

This matter is before this Court on the Movants'[1] Motion to Intervene [Doc. 394]. For the following reasons, the motion is **GRANTED** in part and **DENIED** in part.

## BACKGROUND

The Jane Doe Plaintiffs filed this case alleging they were sold for sex at the Red Roof Inn Smyrna, the Red Roof Inn Buckhead, or both hotels. At the outset, this Court granted the Plaintiffs leave to proceed pseudonymously, finding that this request was reasonable given the private and personal nature of the Plaintiffs' allegations and the inevitable discovery into the most personal aspect of their

---

[1] The Movants are the Plaintiffs in *C.D., et al. v. Red Roof Inns, Inc., et al.*, No. 1:23-cv-04347-MHC (N.D. Ga.).

1

lives.[2] This Court noted that it would consider modifying the protective order only "upon a showing of necessity and good cause."[3] This Court also entered a Protective Order authorizing the Parties to designate certain materials "Confidential" or "Highly Confidential," thus triggering protections from public disclosure for those materials.[4]

In discovery, the Plaintiffs were required to divulge information relating to the most sensitive and private aspects of their lives, both in the documents they produced and in the testimony they provided. This information included details about their childhood, medical history, sexual history, and family dynamics. For some Plaintiffs, this included retelling graphic stories of sexual assault both before, during, and after trafficking. And, the Plaintiffs disclosed details about their criminal history as well. The Plaintiffs also met with an expert in sex trafficking and a psychiatrist, divulging many of the same private matters to them, which were later explored in the experts' depositions. And, each Plaintiff was subjected to another examination by the Defendants' expert, who also was later deposed during which he detailed parts of his psychiatric evaluation.

---

[2] Nov. 26, 2019 Hr'g Tr. (Doc. 173) 77:22–78:23.
[3] *Id.*
[4] Doc. 74.

Defendants also produced material in this litigation, which they designated either Confidential or Highly Confidential.

On the eve of the trial, the Plaintiffs and Defendants reached a settlement and, consequently, this Court dismissed the action with prejudice under Rule 41(a)(2) in January of this year.[5]

The Movants—other sex trafficking survivors who allege they were also trafficked at the Red Roof Inn hotels—have requested from the Red Roof Inn Defendants' confidential information disclosed in this case. The Movants separately served a subpoena on Plaintiffs' counsel, Bondurant, Mixson & Elmore ("BME"). BME has objected to the subpoena on various grounds including confidentiality, relevance, and burden.

The Movants request to intervene and for a modification of the protective orders in connection with their discovery requests in the *C.D.* case. To be clear, by its own terms, the "purpose of [the Movants'] motion is merely for discovery of documents *from the same defendant* already produced in this matter."[6] Thus, the Movants are seeking a modification of the protective order only to obtain information that is confidential because the *Defendants* have marked it as such.

---

[5] Doc. 391.
[6] Doc. 394 at 12.

## ANALYSIS

As an initial matter, this Court **GRANTS** the Movants' request to intervene in this case. Federal Rule of Civil Procedure 24 grants this Court discretion to "permit anyone to intervene who … has a claim or defense that shares with the main action a common question of law or fact."[7] This Court finds that the Movants' claims in their case share many common questions of law and fact, including in particular whether the Defendants participated in a venture that they knew or should have known engaged in violations of the criminal provisions of the TVPRA, 18 U.S.C. § 1595(a).

This Court, however, **DENIES** the Movants' request to modify the Protective Order because the Movants failed to establish good cause for this relief. The Court has already determined that there was good cause for entering the Protective Order and, in particular, that Plaintiffs had good cause for protecting their privacy. Thus, any "modification of the Court's protective order requires a demonstration of good cause" on the part of the Movants.[8] "In deciding whether to grant a modification of a protective order, 'courts consider the relevance of the protected discovery to the collateral proceedings and its general discoverability

---

[7] Fed. R. Civ. P. 24(b)(1)(B). The Plaintiffs do not oppose the Movants' request to intervene.
[8] *Columbus Drywall & Insulation, Inc. v. Masco Corp.*, No. 1:04-CV-03066-JEC-RGV, 2014 WL 11352937, at *4 (N.D. Ga. Apr. 23, 2014) (cleaned up).

therein.'"[9]  The Court "must weigh the countervailing reliance interest of the party opposing modification against the policy of avoiding duplicative discovery."[10]  "Generally, there is a strong presumption against modification of a protective order."[11]

The Movants failed to meet this standard because nothing in the Protective Order prohibits a party from producing its *own* confidential material in another case.  And, based on the Movants' initial motion, they are seeking the modification to obtain material *from the Defendants* that the *Defendants* themselves have marked as confidential.  Indeed, the Movants argue only that the relief they seek will avoid duplication of discovery from the Red Roof Defendants in their case.[12]

To be sure, in their reply brief, the Movants for the first time argue that they are seeking a modification of the Protective Order also to obtain *from the Plaintiffs*[13] materials the *Plaintiffs* have designated confidential, including the

---

[9] *Id.* at *4 (quoting *In re Static Random Access Memory (SRAM) Antitrust Litig.*, No. 07-MD-01819 CW, 2011 WL 5193479, at *5 (N.D. Cal. Nov. 1, 2011)).
[10] *Id.* (quoting *In re Static Random Access Memory*, 2011 WL 5193479, at *5).
[11] *Id.* (internal quotation marks omitted).
[12] Doc. 394 at 11.
[13] Technically, the Movants have sought the Plaintiffs' confidential material from the Plaintiffs' counsel, but in the *C.D.* case, Plaintiffs' counsel is not asserting the Protective Order as a basis for withholding the material Movants are seeking.

5

Plaintiffs' identities.[14]  But again, the Protective Order is not a hindrance for such relief.  Because no modification of the Protective Order is needed, the Movants have failed to establish any cause, let alone good cause, for the relief they seek.

Finally, the Movants have not requested an order from this Court compelling the production of anything in response to any discovery requests or subpoena.  But, even if they had, this Court would deny such request.  It is up to the judge presiding over the *C.D.* case to decide whether or to what extent to compel responses to discovery requests or subpoenas served in that matter.  This Court understands that Defendants and Plaintiffs have lodged objections to the Movants' requests, but because those requests do not ask any party to produce the confidential information of *another* party, no modification of the Protective Order is needed.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Movants' request to intervene but **DENIES** Movants' motion to modify the protective order.

---

[14] Doc. 397 at 13–14.  Moreover, the Movants have failed at this point to show any need for the identity of these Plaintiffs in their case. To the extent the Movants want to review relevant deposition excerpts of women who were also victims of sex trafficking at the Red Roof hotels, they fail to explain why it is not sufficient to review those excerpts Plaintiffs filed publicly without needing Plaintiffs' identity or additional, sensitive and confidential information.  In the end, this Court defers to Judge Cohen as to whether the identify of the Plaintiffs and their contact information is relevant and should be disclosed to the Movants.

**IT IS SO ORDERED** this 29th day of July, 2024

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE